

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

October 3, 2017

The Honorable Dustin H. Boyd
Coryell County District Attorney
702 East Leon Street
Gatesville, Texas 76528

Opinion No. KP-0166

Re: Authority of a public school district to operate a transportation system outside of its geographical boundaries under section 34.007 of the Education Code (RQ-0156-KP)

Dear Mr. Boyd:

You ask whether a "public school district may operate a transportation system outside of the district's geographical boundaries in the absence of an interlocal contract" pursuant to Education Code section 34.007.[1] You explain that Gatesville Independent School District ("ISD") is "a public school district located in Coryell and Bell Counties." Request Letter at 1. You also tell us that "Jonesboro Independent School District, a neighboring school district located in Coryell, Hamilton, and Bosque Counties, daily sends Jonesboro ISD buses into Gatesville ISD to transport students that live within Gatesville ISD's boundaries but [who] have . . . been granted transfers to attend Jonesboro ISD schools."[2] Id. at 1–2. You further explain that no agreement related to providing transportation services exists "between Gatesville ISD and Jonesboro ISD, nor is one contemplated at this time." Id. at 2.

You ask specifically about subsection 34.007(a), which provides that

[a] board of county school trustees or a school district board of trustees may establish and operate an economical public school transportation system:

(1) in the county or district, as applicable; or

(2) outside the county or district, as applicable, if the county or school district enters into an interlocal contract as provided by Chapter 791, Government Code.

---

[1]Letter from Honorable Dustin H. Boyd, Coryell Cty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 23, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]The Education Code allows an eligible child to voluntarily transfer "from the child's school district of residence to another district in this state" on an annual basis under certain circumstances. TEX. EDUC. CODE § 25.036(a).

TEX. EDUC. CODE § 34.007(a). We find no judicial or attorney general opinion construing this provision. In addressing your question, the "objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (citing *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008)). When the language of a statute is unambiguous, we construe the statute by its plain meaning. *Id.*

Independent school districts "possess only such powers and privileges as have been expressly or impliedly conferred upon them." *Wasson Interests Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 429–30 (Tex. 2016). Here, the Legislature provided school districts authority to operate a public school transportation system—transporting students to and from school—but limited the operation of that system to the confines of the school district except as provided by subsection 34.007(a)(2). TEX. EDUC. CODE § 34.007(a)(1); *cf., id.* § 34.010(b) (distinguishing the operation of a public school transportation system, which involves the "transportation of students to or from school," from the "transportation for an extracurricular activity or field trip"). Subsection 34.007(a)(2) provides authority for a school district to operate its public school transportation system outside its territory contingent upon an interlocal cooperation contract under Government Code chapter 791.[3] *Id.* § 34.007(a)(2). Thus, section 34.007 authorizes a school district to operate its public school transportation system outside of its geographic boundaries to regularly transport students to and from school only as provided by subsection (a)(2). Accordingly, section 34.007 does not authorize the Jonesboro ISD to operate a public school transportation system outside of its boundaries and within the boundaries of Gatesville ISD to regularly transport students to and from school without an interlocal cooperation contract under Government Code chapter 791.[4]

---

[3]Section 11.167 of the Education Code authorizes a school district to operate "a school or program" outside of the school district's boundaries without limitation of an interlocal government contract. TEX. EDUC. CODE § 11.167. The Legislature adopted section 11.167 in 2001. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 734, § 1, 2001 Tex. Gen. Laws 1458, 1458 (codified at TEX. EDUC. CODE § 11.167). The Legislature added section 34.007(a)(2), authorizing operation of a transportation system outside of the district pursuant to an interlocal contract, in 2007. Act of May 21, 2007, 80th Leg., R.S., ch. 449, § 1, 2007 Tex. Gen. Laws 799, 799 (codified at TEX. EDUC. CODE § 34.007(a)(2)). As the later-enacted provision, subsection 34.007(a)(2) makes it clear that an independent school district operating a public school transportation system outside of its district must have an interlocal agreement.

[4]If legal authority exists apart from section 34.007 requiring a school district to transport specific students outside of its district, an interlocal contract may not be required for those purposes. *Cf.*, 20 U.S.C. § 6312(c)(5)(B) (requiring school districts, in certain instances, to provide transportation to maintain children in foster care in their schools of origin). However, we find no such authority for the transportation of voluntary transfer students.

## S U M M A R Y

Section 34.007 of the Education Code does not authorize the Jonesboro Independent School District to operate a public school transportation system outside of its boundaries and within the boundaries of the Gatesville Independent School District to regularly transport students to and from school without an interlocal cooperation contract under Government Code chapter 791.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee